**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

BARRY PAYTON, JR.,
ADC #144723                                                                                    PLAINTIFF

5:14CV00347-DPM-JTK

SCOTTIE ARRINGTON et al.                                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the

1

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

## I.      Introduction

Plaintiff Barry Payton is a state inmate incarcerated at the Randall Williams Correctional Facility of the Arkansas Department of Correction (ADC).  He filed this action pursuant to 42 U.S.C. § 1983, alleging failure to protect and denial of adequate medical care and treatment (Doc. No. 2.)[1]  The Court dismissed Defendants Hobbs, Robinson, Gibson, Banks, and Burnet, together with Plaintiff's medical care claims, on October 23, 2014 (Doc. No. 12).  The Court also dismissed Defendant Tice for failure to serve, on March 26, 2015 (Doc. No. 24).

Pending before the Court is Defendant Arrington's Motion for Summary Judgment, Brief in Support, and Statement of Facts (Doc. Nos. 25-27).  By Order dated July 16, 2015, this Court directed Plaintiff to respond to the Motion within fifteen days, and warned him that if he failed to comply, the facts set forth in Defendant's Motion would be deemed admitted, or this action would be dismissed for failure to prosecute (Doc. No. 28).  As of this date, Plaintiff has not responded to

---

[1]Plaintiff subsequently filed an Amended Complaint (Doc. No. 7).

the Motion.

## II.    Summary Judgment Motion

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997).  "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'"  Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)).  "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'"  Id. at 1135.  Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

At issue in this Motion is whether Plaintiff exhausted his administrative remedies with respect to his failure to protect claim against Defendant Arrington, as required by the ADC grievance procedure,  Administrative Directive (AD) 14-16 (Doc. No. 25-2), and the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e.  Defendants present the Declaration of Barbara Williams, Inmate Grievance Supervisor, who stated that the ADC grievance policy requires inmates to "write a brief statement that is specific as to the substance of the issue or complaint to include the date, place, personnel involved or witnesses, and how the policy or incident affected the inmate

3

submitting the form."  (Doc. No. 25-1, pp. 1-2; Doc. No. 25-2, pp. 5-6)  In addition, the policy requires an inmate first to submit an informal resolution, followed by a formal grievance if the problem is not resolved within three days. (Doc. No. 25-1, pp.2- 3)  The Warden should respond within twenty days, and the inmate may appeal the Warden's decision to the Deputy Director within five working days of receiving the Warden's response.  (Id.)

Ms. Williams stated in her Declaration that she located one grievance Plaintiff filed on July 2, 2014, about the incident at issue, DR-14-0528 (Id.)  That grievance did not name or identify anyone by name or position, and was not timely appealed to the deputy Director.  (Id.; Doc. No. 25-3)  Therefore, Plaintiff failed to exhaust his administrative remedies as required by the grievance procedure.

According to the PLRA,

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a), unconst'l on other grounds, Siggers-El v. Barlow, 433 F.Supp.2d 811, 813 (E.D. Mich. 2006). The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit.  In Booth v. Churner, the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures."  532 U.S. 731, 741 (2001).  In addition, the United States Court of Appeals for the Eighth Circuit held in Chelette v. Harris, "[t]he statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them.  Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" 229

4

F.3d 684, 688 (8th Cir. 2000) (quoting Castano v. Nebraska Dep't of Corrections, 201 F.3d 1023, 1025 (8th Cir. 2000)).   In Johnson v. Jones, the Court held that "[u]nder the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court....If exhaustion was not completed at the time of filing, dismissal is mandatory." 340 F.3d 624, 627 (8th Cir. 2003) (emphasis in original).   Finally, in Jones v. Bock, the United States Supreme Court held that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."  549 U.S. 199, 218 (2007).

In Burns v. Eaton, the Eighth Circuit held that an exhausted grievance which named one officer involved in a pepper spray incident did not cover the plaintiff's allegations against a second officer named in his complaint, when the grievance did not name the second officer and did not include a description of his allegedly-unlawful actions. The Court stated, "this was not a case where 'prison officials decline[d] to enforce their own procedural requirements and opt[ed] to consider otherwise-defaulted claims on the merits.'" 752 F.2d 1136, 1141 (quoting Reed-Bey v. Pramstaller, 603 F.3d 322, 325 (6th Cir. 2010)).

In this case, the ADC grievance policy in effect clearly instructs inmates to "write a brief statement that is specific as to the substance of the issue or complaint to include the date, place, personnel involved or witnesses, and how the policy or incident affected the inmate..." (Doc. No. 25-2, pp. 5-6.)   The Court has reviewed the grievance presented by the Defendant and the Declaration of Ms. Williams, and finds that Plaintiff failed to exhaust a grievance which named or referred to Defendant Arrington.  The ADC grievance procedure contains a notification to inmates that complete exhaustion is required as to all defendants at all levels of the grievance procedure prior

to filing a § 1983 lawsuit. (Doc. No. 25-2, p. 17) Absent a response from Plaintiff and absent evidence that he filed and completely exhausted a grievance naming Arrington through all levels of the ADC procedure, the Court finds that Defendant Arrington should be dismissed for failure to exhaust.

## III.    Conclusion

IT IS, THEREFORE, RECOMMENDED that Defendant Arrington's Motion for Summary Judgment (Doc. No. 25) be GRANTED, and Plaintiff's Complaint be DISMISSED without prejudice, for failure to exhaust.

IT IS SO RECOMMENDED this 4th day of August, 2015.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE